IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD B. GOODIN, ) | |
| ) | Civ. No. 07-00074 DAE-BMK |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | SPECIAL MASTER'S REPORT |
| FIDELITY NATIONAL TITLE ) | RECOMMENDING THAT |
| INSURANCE CO., et. al, ) | DEFENDANTS' MOTION FOR |
| ) | ATTORNEY'S FEES BE |
| Defendants. ) | GRANTED |
| _____ ) | |

SPECIAL MASTER'S REPORT RECOMMENDING THAT DEFENDANTS'
MOTION FOR ATTORNEY'S FEES BE GRANTED

On February 13, 2007, Plaintiff Richard B. Goodin ("Goodin") filed an action against Defendants Fidelity National Title Insurance Company ("Fidelity"), Alston, Hunt, Floyd & Ing ("AHFI"), and AHFI attorneys Jade Lynne Ching ("Ching") and Shellie K. Park-Hoapili ("Park-Hoapili"), among others. On July 11, 2007, the Court granted summary judgment in favor of AHFI, Ching, and Park-Hoapili. Motions for rehearing and reconsideration were denied on August 15 and August 30, 2007, respectively. Goodin's case against Fidelity remains open.

AHFI, Ching, and Park-Hoapili have now requested their attorneys' fees in the amount of $10,225.12. They seek fees under Haw. Rev. Stat. § 607-14,

1

which provides that attorney's fees shall be awarded "in all actions in the nature of assumpsit," not to exceed 25% of "the amount sued for if the defendant obtains judgment." Haw. Rev. Stat. § 607-14. Here, the action against AHFI, Ching, and Park-Hoapili was in the nature of assumpsit, since Goodin claimed legal malpractice. See Helfand v. Gerson, 105 F.3d 530, 538 (9th Cir. 1997) (finding that claims for legal malpractice are in the nature of assumpsit). The amount sued for was $10 million, and so here, the AHFI defendants' request for $10,225.12 is well below the $2.5 million maximum they would be allowed under the statute.

Goodin has not filed any opposition to the AHFI defendants' request for attorneys' fees, and the time for filing any such opposition has long passed. The AHFI defendants' statement of consultation, filed on November 7, 2007, informs the court that during the consultation, Goodin "stated that he was waiting for a final judgment to be entered because he intended to appeal" and that "he would let the Court decide whether to take any action on the AHFI Defendants' motion." (Statement of Consulation 1-2.)

Rule 54(d)(2) of the Federal Rules of Civil Procedure states that a motion for attorney's fees "must be filed no later than 14 days after entry of judgment." Rule 54(d)(2)(B). Rule 54 does not bar motions from being filed prior to an entry of judgment, however, as long as such motions are ripe for

consideration by the court.  Moreover, the filing of a claim for attorney's fees does not affect a party's ability to appeal the underlying judgment.  See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 196-97 (1988).

        Here, the AHFI defendants' request for attorney's fees is ripe for consideration by the Court, since they prevailed on summary judgment, and also on Goodin's subsequent motions for rehearing and reconsideration of the summary judgment order.  The request for fees is not barred by Rule 54, and the Court need not wait until an appealable judgment is entered, since the Court could–and likely would–entertain a request for attorney's fees even during the pendency of an appeal.  Accordingly, the Special Master FINDS that AHFI, Ching, and Park-Hoapili are entitled to attorney's fees under Rule 54 and Haw. Rev. Stat. § 607-14.  The Special Master further FINDS, in the absence of any opposition from Goodin, that the amount sought is reasonable, and RECOMMENDS that AHFI, Ching, and Park-Hoapili's motion for attorney's fees in the amount of $10,225.12 be GRANTED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: December 27, 2007

Goodin v. Fidelity Nat'l Title Ins. Co.; Civ. No. 07-0074 DAE-BMK; SPECIAL MASTER'S REPORT RECOMMENDING THAT DEFENDANTS' MOTION FOR ATTORNEY'S FEES BE GRANTED.