IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD B. GOODIN, ) | |
| ) | Civ. No. 07-00074 DAE-BMK |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER ADOPTING SPECIAL |
| ) | MASTER'S REPORT TO GRANT |
| FIDELITY NATIONAL TITLE ) | DEFENDANTS' MOTION FOR |
| INSURANCE CO., et. al, ) | ATTORNEY'S FEES |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER ADOPTING SPECIAL MASTER'S REPORT TO GRANT
DEFENDANTS' MOTION FOR ATTORNEY'S FEES

On February 13, 2007, Plaintiff Richard B. Goodin ("Goodin") filed an action against Defendants Fidelity National Title Insurance Company ("Fidelity"), Alston, Hunt, Floyd & Ing ("AHFI"), and AHFI attorneys Jade Lynne Ching ("Ching") and Shellie K. Park-Hoapili ("Park-Hoapili"), among others. On July 11, 2007, the Court granted summary judgment in favor of AHFI, Ching, and Park-Hoapili. (Doc. No. 33.) Goodin's Motions for rehearing and reconsideration, and to amend the order granting Defendants summary judgment were denied on August 15 and 30, and September 26, 2007, respectively. (Doc. Nos. 38, 40, & 46.) Goodin's case against Fidelity remains open.

On September 19, 2007, AHFI, Ching, and Park-Hoapili filed an amended motion requesting attorneys' fees in the amount of $10,225.12. (Doc. No. 43.) Goodin filed no Opposition to the Motion, and on December 27, 2007, the Magistrate issued his "Special Master's Report and Recommendation that Defendants' Motion for Attorney's Fees be Granted." (Doc. No. 48, entered Dec. 28, 2007.)

On January 22, 2007, Goodin filed an objection to the Special Master's Report. (Doc. No. 49.) Goodin argues that Fidelity is responsible for AHFI, Ching, and Park-Hoapili's attorney's fees, as well as for attorney's fees owed to Defendant Cynthia Linet, Esq., by virtue of their alleged duty to provide Goodin representation under his Policy of Title Insurance with them. Goodin also attempts to reargue the merits of his case against AHFI, Chin, and Park-Hoapili. Goodin requests that the court deny or set aside the Special Master's Report "until all the merits of the case have been heard." (Obj. at 5.) Finally, Goodin argues that the case is not ripe for consideration of attorney's fees, as such fees must be proven at trial, and that he has not been afforded the opportunity to present evidence pursuant to Rule 53 of the Federal Rules of Civil Procedure.

Any party may serve and file written objections to proposed findings and recommendations. *See* 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when

a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a *de novo* determination. A *de novo* review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." *U.S. Pac. Builders v. Mitsui Trust & Banking Co.*, 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The court also may receive further evidence or recommit the matter to the magistrate with instructions." *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

Despite the opportunity to do so, Goodin failed to oppose Defendants' Motion for Attorney's Fees. Defendants' statement of consultation says that, during the parties consultation, Goodin "stated that he was waiting for a final judgment to be entered because he intended to appeal" and that "he would let the Court decide whether to take any action on the AHFI Defendants' motion." (Doc. No. 47, Statement of Consultation 1-2.) As such, Goodin's argument that he was not "afforded an opportunity to present evidence," pursuant to Rule 53 of the Federal Rules of Civil Procedure is rejected.

Moreover, Goodin *still* raises no substantive objections to the Special Master's Report.  Goodin does not argue that the Defendants' proposed rates are too high.  By failing to do so, either now or before the Magistrate Judge, those rates are presumed reasonable.  *See Cortes v. Metro. Life Ins. Co.*, 380 F. Supp. 2d 1125, 1129 (C.D. Cal. 2005) ("In the absence of opposing evidence, the proposed rates are presumed reasonable.") (citing *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir.1990)).  Nor does Goodin proffer that Defendants' proposed hours were unreasonable, or that Defendants improperly billed their fees.  Goodin does not, in fact, address Defendants' Motion at all.

Goodin simply protests again that the Court incorrectly decided Defendants' Motion for Summary Judgment, and implies that Defendants are not the prevailing parties.  Goodin argues that the court should withhold a decision on Defendants' Motion for Attorney's Fees until "all the merits of the case have been heard."  Goodin believes that an award of attorney's fees is not ripe, and that attorney's fees are an element of damages that must be proved at trial.  Goodin is incorrect.

The merits of this case, as they relate to AHFI, Ching, and Park-Hoapili have been conclusively determined.  This Court has issued no less than four orders determining that Defendants AHFI, Ching, and Park-Hoapili are not

4

liable to Goodin for legal malpractice. AHFI, Ching, and Park-Hoapili are clearly the prevailing parties. As such, an award of attorney's fees to these Defendants is, in fact, ripe, and the Court is not required to wait until Goodin's action against Fidelity concludes and an appeal is filed. *See Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) (holding that a district court retains jurisdiction to award attorneys fees during the pendency of an appeal).

Accordingly, the Court DENIES Goodin's Objections and ADOPTS the Special Master's Report in its entirety.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 24, 2008.

_____
David Alan Ezra
United States District Judge

Goodin v. Fidelity Nat'l Title Ins. Co.; Civ. No. 07-0074 DAE-BMK; ORDER ADOPTING SPECIAL MASTER'S REPORT TO GRANT DEFENDANTS' MOTION FOR ATTORNEY'S FEES; dmp/ Orders 08/ Goodin (Adopt Spec. Master's R&R Atty Fees Grtd).